

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co.*

State Department of Public Welfare
Austin, Texas

Dear Sirs:                                    Attention:  Mr. H.L. Lackey

Opinion No. O-2518
Re:  Can a record of birth in
the new name of the adopt-
ing parents be changed
under the circumstances
set forth?

We are in receipt of your letter of recent date
in which you ask the following question:

"We have had a case referred to one of
our workers which now presents the following
problem:

"The child was born in Texas and the
birth duly registered according to law.
Soon thereafter the child was placed out
for adoption. After the placement and be-
fore the six months' residence of the child
in the foster home in accordance with the
adoption statute, and consequently before
an adoption was consummated in Texas, the
foster parents with the child moved to New
Mexico. The adoption of the child was con-
summated in New Mexico. The parents by
adoption now seek to have a record of the
birth in the new name of the adopting parents.
The judge and officials in New Mexico stand
ready to comply voluntarily with the require-
ments of the Texas law in notifying the reg-
istrar of Vital Statistics of the adoption,
giving him the specific information required
by the statute.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State Department of Public Welfare, Page 2

"We wish to ascertain from you whether a record of the birth in the new name of the adopting parents can be procured under the above circumstances. You will no doubt agree that it will work a hardship on the child and the adopting parents if the record in the new name is not secured." (Underscoring ours)

The pertinent part of Paragraph 26 of Rule 46a of Article 4477, Revised Civil Statutes of Texas, as amended, reads as follows:

"(26) Provided further, upon entry of final order of adoption the judge or clerk of Court shall notify the Registrar of Vital Statistics in State Department of Health of action taken, giving the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and name of such child before and after the adoption and the name and address of foster parents. Said Registrar of Vital Statistics shall likewise be notified of any subsequent revocation of such order of adoption or any annulment of adoption. Copies of all reports of adoptions and reports of revocation of order of adoption and of annulments shall within thirty (30) days after such order be mailed to the Registrar of Vital Statistics of the State Department of Health. Upon receipt of copy of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent. He shall then cause to be sealed and filed the original certificate of birth, if any, with the adoption decree of the Court and such sealed package may be opened only upon order of a Court of record. * * *" (Underscoring ours)

It is apparent that the Legislature passed this Act to permit the Vital Statistics records to be changed from time to time. The underlying idea of the Legislature was that these records should reflect the present status of the child in question. Birth certificate and the information attached thereto are of such vital importance that this

State Department of Public Welfare, Page 3

procedure for authenticating a change in status was deemed necessary.

On the question of recognizing foreign adoption, the court in the case of Martinez v. Gutierrez, 66 S. W. (2d) 678, made the following statement:

"We conclude, therefore, that, notwithstanding the differences between the law of Mexico and the law of Texas as to the method of adoption, and although under the law of Mexico the right of an adopted child to inherit may have been different from and more restricted than the right of inheritance given to an adopted child by the Texas law, the status of the child adopted in Mexico, with its qualification or capacity to inherit, should be respected and recognized by the Texas courts, * * *."

Following the rule established by the Martinez case, it would seem clear that we should recognize a legal adoption in the State of New Mexico. Further, since it was the apparent intention of the Legislature that the birth certificate should reflect the present and actual status of a child, it would logically follow that if the procedure designated by our law was followed the State Registrar should properly change the certificate in compliance with the laws thereof.

You are therefore respectfully advised that under the facts as you state them, and provided that statute in question is closely followed, the birth certificate may be changed to reflect the present status of the child in question.

In compliance with your request, we are sending a copy of this opinion to Dr. W. A. Davis, State Health Registrar.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Frederik B Isely
Assistant

APPROVED JUL 12, 1940

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

FBI:RS _____
ATTORNEY GENERAL OF TEXAS